AO 91 (Rev. 11/11)  Criminal Complaint

LODGED
CLERK, U.S. DISTRICT COURT
05/05/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
05/06/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RAM _____ DEPUTY

| United States of America | ) | |
| v. | ) | |
| JESUS AGUILAR GARCIA, | ) | Case No.  5:25-mj-00271 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___August 4, 2020___ in the county of ___Riverside___ in the ___Central___ District of ___California___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. §§ 1326(a), (b)(2) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

Please see attached affidavit.

☑ Continued on the attached sheet.

/s/ Griselda Cazales
_____
*Complainant's signature*

DHS-ICE Deportation Officer, Griselda Cazales
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___05/06/2025___

*Judge's signature*

City and state: ___Riverside, CA___

Honorable David T. Bristow, Magistrate Judge
*Printed name and title*

*AUSA:*  John A. Balla

## AFFIDAVIT

I, Griselda Cazales, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.   This affidavit is made in support of a criminal complaint and arrest warrant against Jesus Aguilar Garcia ("defendant"), charging him with violating Title 8, United States Code, Sections 1326(a), (b)(2), Illegal Alien Found in the United States Following Deportation.

2.   The facts set forth in this affidavit are based on my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF DEPORTATION OFFICER GRISELDA CAZALES

3.   I am a Deportation Officer ("DO") with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS"), since September 2018.  I am currently assigned to the Los Angeles Enforcement and Removal Operations field office. Before I became an ICE DO, I was employed by the Federal Bureau of Prisons since April 2016.  I have experience reviewing

immigration files, deportation and removal proceedings, and executed final orders of removal, among other immigration related documents, process, and proceedings.

### III. STATEMENT OF PROBABLE CAUSE

4.    On or about August 4, 2020, the ICE Pacific Enforcement Response Center ("PERC") received an electronic notification based on biometric fingerprint information that defendant was in the custody of Riverside County Sheriff's Department ("RSD").  On or about that day, the PERC lodged a DHS Immigration Detainer with the RSD.  Defendant is not currently in custody with RSD.

5.    Based on my training and experience, I know that a DHS "A-File" is a file in which immigration records are maintained for aliens admitted to or found in the United States.  I also know that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the DHS A-File is maintained.

6. On or about April 29, 2025, I obtained and reviewed DHS A-File A 095 735 037 (the "DHS A-File"), which is maintained for the subject alien "Jesus Aguilar Garcia."  The DHS A-File contained the following documents and information:

a.    Fingerprint Identification number ("FIN").  Based on my training and experience, I know that when an individual is fingerprinted by ICE (or its predecessor agency, the INS), the individual is issued a FIN.  The FIN is then automatically associated with the individual's A-File Number.  In this case,

2

the defendant fingerprints were assigned the FIN 1078210002, which was then linked to A-Number 095 735 037.  On or about April 28, 2025, I reviewed the Immigration Alien Query ("IAQ") electronic notification associated with defendant's August 3, 2020, arrest, and verified that the FIN associated with the IAQ was FIN 1078210002.  I thus confirmed that the individual arrested on August 4, 2020, was defendant.

       b.   One executed Warrant of Removal/Deportation Form I-205 indicating that defendant was officially removed from the United States on or about October 31, 2016.  I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE or INS and usually contains the subject's photograph, signature, and fingerprint.  The executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

       c.   One executed Warrant of Removal/Deportation Form I-205 indicating that defendant was officially removed from the United States on or about June 30, 2011.  This executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

       d.   One executed Warrant of Removal/Deportation Form I-205 indicating that defendant was officially removed from the United States on or about September 4, 2008.  This executed Warrant of Removal/Deportation Form I-205 in defendant's DHS A-File contained his photograph, signature, and fingerprint.

3

e.    Various documents, in addition to the Warrant of Removal/Deportation and Notice to Alien Ordered Removed/Departure Verification, indicating that defendant is a native and citizen of Mexico.  These documents included an Immigration Order, dated August 25, 2008, ordering defendant removed to Mexico.

f.    I obtained and reviewed a printout of the data from the California Criminal Identification Information "CII" and the Federal Bureau of Investigation "FBI" Identification Record for defendant, the individual who is the subject of this affidavit.  I compared the data on the CII and FBI to that found in the DHS Central Index System "CIS" under the assigned A-File, which I believe is defendant's alien number.  I found that the data from CII, FBI, and CIS records contained in defendant's A-File contain the same Federal Bureau of Investigation identification number that is found in the CII, FBI, and CIS records that I obtained.  In addition, the CII and FBI printouts, or court documents from arrests listed in those printouts, reflect the convictions that are described below.  Based on this review, I believe that defendant is the same person who incurred the convictions described below and who was ordered deported and/or removed as described in the A-File.

i.    A conviction record showing that defendant was convicted on or about January 30, 2023, for Unlawful Intercourse by a Person Over 21 with a Person Under 16, in violation of California Penal Code § 261.5(d), in the Superior Court of California, County of Riverside, case number

4

RIF2104672, for which defendant was sentenced to 24 months'
probation.

          ii.  A conviction record showing that defendant
was convicted on or about May 4, 2021, for Felon in Possession
of a Firearm, in violation of California Penal Code § 29800, in
the Superior Court of California, County of Riverside, case
number BAF2001010, for which defendant was sentenced to 16
months' prison.

          iii. A conviction record showing that defendant
was convicted on or about March 18, 2013, for Illegal Alien
Found in the United States Following Deportation, in violation
of 8 U.S.C. § 1326(a), (b)(2), in the United States District
Court for the Central District of California, case number CR 13-
82-GW, for which defendant was sentenced to 30 months'
imprisonment.

          iv.  A conviction record showing that defendant
was convicted on or about November 18, 2010, for Carrying a
Concealed Weapon, Criminal Street Gang Allegation, in violation
of California Penal Code § 12025(b)(3), in the Superior Court of
California, County of Riverside, case number RIF10004743, for
which defendant was sentenced to 16 months' prison.

          v.  A conviction record showing that defendant
was convicted on or about November 18, 2010, of Possession of a
Controlled Substance for Sale, in violation of California Health
& Safety Code § 11378, in the Superior Court of California,
County of Riverside, case number RIF10004743, for which
defendant was sentenced to 16 months' prison.

7. On or about April 28, 2025, I reviewed the printouts of ICE computer indices on defendant.  Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States.  The ICE computer indices confirmed that defendant had been removed, deported, and/or excluded on the dates indicated on the Warrant of Removal/Deportations, found in defendant's DHS A-File.  The ICE computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

8. Based on my review of defendant's DHS A-File, I determined that it does not contain any record of defendant ever applying for, or receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.  Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in defendant's DHS A-File.

## IV. <u>CONCLUSION</u>

9. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a),

6

(b)(2), Illegal Alien Found in the United States Following

Deportation.


Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 5th day of May,
2025.

_____
HON. DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

7