1  BILAL A. ESSAYLI
   United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   JOHN A. BALLA (Cal. Bar No. 295474)
4  Assistant United States Attorney
   Riverside Branch Office
5       3403 Tenth Street, Suite 200
        Riverside, California 92501
6       Telephone: (951) 276-6246
        Facsimile: (951) 276-6202
7       Email:     john.balla@usdoj.gov

8  Attorneys for Plaintiff
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 5:25-mj-00271 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| JESUS AGUILAR GARCIA, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

__X__  1. Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

_____     a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); or

__X__     b. defendant is an alien not lawfully admitted for permanent residence; and

1

1     _X_   c. defendant may flee; or
2     _X_   d. pose a danger to another or the community.
3 _X_ 2. <u>Pretrial Detention Requested (§ 3142(e)) because no</u>
4        <u>condition or combination of conditions will reasonably</u>
5        <u>assure</u>:
6     _X_   a. the appearance of the defendant as required;
7     _X_   b. safety of any other person and the community.
8        3. <u>Detention Requested Pending Supervised Release/Probation</u>
9          <u>Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18</u>
10       <u>U.S.C. § 3143(a))</u>:
11       a. defendant cannot establish by clear and convincing
12           evidence that he/she will not pose a danger to any
13           other person or to the community;
14       b. defendant cannot establish by clear and convincing
15           evidence that he/she will not flee.
16       4. <u>Presumptions Applicable to Pretrial Detention (18 U.S.C.</u>
17         <u>§ 3142(e))</u>:
18       a. Title 21 or Maritime Drug Law Enforcement Act
19           ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with
20           10-year or greater maximum penalty (presumption of
21           danger to community and flight risk);
22       b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
23           2332b(g)(5)(B) with 10-year or greater maximum
24           penalty (presumption of danger to community and
25           flight risk);
26       c. offense involving a minor victim under 18 U.S.C. §§
27           1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251,
28           2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4),

```
 1                    2260, 2421, 2422, 2423 or 2425 (presumption of
 2                    danger to community and flight risk);
 3          _____  d. defendant currently charged with an offense
 4                    described in paragraph 5a - 5e below, AND defendant
 5                    was previously convicted of an offense described in
 6                    paragraph 5a - 5e below (whether Federal or
 7                    State/local), AND that previous offense was
 8                    committed while defendant was on release pending
 9                    trial, AND the current offense was committed within
10                    five years of conviction or release from prison on
11                    the above-described previous conviction (presumption
12                    of danger to community).
13    X     5. Government Is Entitled to Detention Hearing Under §
14             3142(f) If the Case Involves:
15          _____  a. a crime of violence (as defined in 18 U.S.C. §
16                    3156(a)(4)) or Federal crime of terrorism (as
17                    defined in 18 U.S.C. § 2332b(g)(5)(B)) for which
18                    maximum sentence is 10 years' imprisonment or more;
19          _____  b. an offense for which maximum sentence is life
20                    imprisonment or death;
21          _____  c. Title 21 or MDLEA offense for which maximum sentence
22                    is 10 years' imprisonment or more;
```

3

Case 5:25-mj-00271-DUTY     Document 3     Filed 05/06/25     Page 4 of 5     Page ID #:14

1        \_\_\_\_\_    d. any felony if defendant has two or more convictions
2                         for a crime set forth in a-c above or for an offense
3                         under state or local law that would qualify under a,
4                         b, or c if federal jurisdiction were present, or a
5                         combination or such offenses;
6        \_\_\_\_\_    e. any felony not otherwise a crime of violence that
7                         involves a minor victim or the possession or use of
8                         a firearm or destructive device (as defined in 18
9                         U.S.C. § 921), or any other dangerous weapon, or
10                        involves a failure to register under 18 U.S.C. §
11                        2250;
12         X         f. serious risk defendant will flee;
13       \_\_\_\_\_    g. serious risk defendant will (obstruct or attempt to
14                        obstruct justice) or (threaten, injure, or
15                        intimidate prospective witness or juror, or attempt
16                        to do so).
17   \_\_\_\_\_  6. Government requests continuance of \_\_\_\_\_ days for
18                  detention hearing under § 3142(f) and based upon the
19                  following reason(s):
20                  _____
21                  _____
22                  _____
23                  _____
24   //
25   //
26   //
27
28

4

\_\_\_\_    7.  Good cause for continuance in excess of three days exists

in that:

_____

_____

_____

_____

Dated: May 5, 2025            Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

PETER DAHLQUIST
Assistant United States Attorney
Acting Chief, Riverside Branch Office

           /s/
JOHN A. BALLA
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA